**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Peggy D. Conits, Respondent,

v.

Spiro E. Conits, Petitioner.

Appellate Case No. 2018-001468

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Greenville County
David G. Guyton, Family Court Judge

---

Memorandum Opinion No. 2019-MO-042
Heard October 30, 2019 – Filed November 20, 2019

---

**REVERSED AND REMANDED**

---

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Petitioner.

Timothy E. Madden, of Nelson Mullins Riley & Scarborough, LLP, of Greenville, for Respondent.

---

**PER CURIAM:** We granted a petition for a writ of certiorari to determine a single issue: whether the family court's acceptance of Respondent Peggy Conits' valuation of Petitioner Spiro Conits' interest in a family farm in Greece at $1,420,000.00 is supported by evidence in the record. Applying our de novo standard of review, we hold it is not.

The parties, who were both born in Greece, were married in 1985 and separated in 2009. The primary issue before the family court at their divorce hearing was the equitable division of numerous parcels of property, both in South Carolina and in Greece. While many of the properties in South Carolina as well as two in Greece were professionally appraised, the "family farm," of which Husband purportedly held a 50% interest, was not. At trial, Wife noted the farm was thirty acres and valued at $1,420,000.00 on an attachment to her financial declaration. During her testimony, Wife admitted she had no knowledge of the value of any of the parties' property other than the information she received from an appraiser. During her direct testimony, she was asked if she "generally agreed" with the values as stated on her financial declaration, including the attachment which the family court did not admit into evidence but marked as an exhibit for demonstrative purposes only. Wife testified she agreed with the values on the attachment, but offered no testimony as to the location of the farm, the amount of acres it comprised, or its value. Conversely, Husband testified the property was a three-acre orange farm and that, in his opinion, the value ranged from $35,000 to $40,000. Husband's financial declaration listed a 50% interest in the three-acre orange farm worth $21,875. Nevertheless, in its final order, the family court concluded the farm was thirty acres and valued Husband's interest at $1,420,000.00.

Thereafter, Husband appealed, but the court of appeals found this issue unpreserved. On certiorari, we disagreed and reversed and remanded, directing the court of appeals to address the issue of the farm's size and valuation. The court of appeals affirmed the family court's order, relying on *Chanko v. Chanko*, 327 S.C. 636, 490 S.E.2d 630 (Ct. App. 1997), and *Pittman v. Pittman*, 395 S.C. 209, 717 S.E.2d 88 (Ct. App. 2011), *aff'd as modified*, 407 S.C. 141, 754 S.E.2d 501 (2014). We now reverse, finding there was no viable basis in the record for the valuation. Applying our de novo standard of review mandated by *Lewis v. Lewis*, 392 S.C. 381, 709 S.E.2d 650 (2011), we find Husband's testimony was the only competent evidence of the farm's size and value in this record. Moreover, we note because we review this case under a different lens than the court of appeals utilized in *Chanko* and *Pittman*, these cases are not controlling. Accordingly, we reverse the court of appeals and remand to the family court to effectuate an equitable division of the marital estate consistent with this opinion.

**REVERSED AND REMANDED.**

**BEATTY, C.J.,  KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**